Woodworth et al. *v.* Woodburn et al.

ERASMUS WOODWORTH *et al.*, Appellants, *v.* JACOB WOOD-
BURN *et al.*, Appellees.

## APPEAL FROM KENDALL.

In an action upon a promissory note, where the defendant pleads partial failure of
consideration, by alleging that the note was given for spokes and hubs, which
were warranted to be well seasoned, it is erroneous to refuse to let the defendant
ask questions of a witness to elicit evidence tending to show a breach of the
warranty.

Special damages in such a case cannot be shown, unless specially claimed by the
pleadings.

The [measure of damages in the breach of such a warranty, is the difference in
value between those delivered and those contracted for.

THIS declaration was in assumpsit, on three promissory notes
and common counts, in the Kane Circuit Court.

First plea, general issue; second plea, set-off; third plea,
special warranty; fourth plea, part failure of consideration.

General replication to each of said pleas. There was a
change of venue to Kendall county. Jury sworn at October
term, 1857, of Kendall Circuit Court. Verdict for plaintiff,
$1,700. HOLLISTER, Judge, presiding. Motion for new trial
overruled.

The facts connected with the points decided are fully stated
in the opinion of the court.

LELAND & LELAND, and PARKS & FRIDLEY, for Appellants.

W. H. L. WALLACE, for Appellees.

CATON, C. J. This was an action upon promissory notes,
given for spokes and hubs, sold by the plaintiffs to the defend-
ants. The defense was a part failure of the consideration, on
account of a breach of a warranty of the quality of the spokes
and hubs. There was evidence tending strongly to show that
the articles were warranted to be well seasoned and fit for
immediate use. To prove that they were not well seasoned and
fit for immediate use, the defendants asked of a witness the
following questions: "Did you ever put up any wheels from
these spokes and hubs? If yea, how did they stand? and if
they came down or fell to pieces, what was the reason of their
so falling?" "Do you know of any wheels, put up of those
spokes and hubs, being returned to defendants on account of the
defects of the timber, or on account of want of being seasoned?
If yea, how many, and for what cause? State fully." "From
your knowledge of the defendant's business, what damage was
it to them, if anything, aside from the difference in the value of

the spokes being green or seasoned, and fit for ready use? If you know, state to the best of your judgment." "State what you know about wagons made from those spokes and hubs being returned to defendants, and why they were so returned; and, if in consequence of a defect in the timber being seasoned, state." To which objections were sustained and exceptions taken.

The evidence sought to be elicited by the first, second and fourth of these questions was undoubtedly proper, as tending to show a breach of the warranty, and the first and fourth are unobjectionable in form. Strictly speaking, the second is somewhat leading in form, and, perhaps, the court, in its discretion, was justified in ruling it out for that reason. We will not say that we would reverse the judgment because objection to it was sustained.

The objection to the third interrogatory was properly sustained. Its object, undoubtedly, was to show special damages, by the interruption to the defendants' business for the want of such spokes and hubs as it was claimed these were warranted to be. Under the pleadings, such damages could not properly have been allowed. To entitle the party to such damages, they should be specially claimed in the declaration, with an averment and proof, showing that the warranty was made with express reference to such damages. In this case, the measure of damages was the difference in value between the articles as delivered and such articles as they were warranted to be, which was the rule correctly adopted by the court. But the judgment must be reversed, because the objection was sustained to the first and fourth questions quoted.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*