## HELEN S. BROWN
### *v.*
## PETER P. KELLER.

1. HOMESTEAD RIGHT—*to what it may attach*—*of its termination.* The homestead exemption, if it attaches to any estate less than a fee, cannot continue, or be claimed, after the estate has terminated.

2. A person to be entitled to the benefits of the act must be the owner of the premises. Whatever may be said of the owner of a term — a life or contingent estate — a person having no interest in the property, or right to its enjoyment, is clearly not embraced in the provisions of the law.

3. So, where a ,party held premises upon which he resided, under a lease, the term of the lease having expired, his widow would be precluded from setting up a homestead right.

4. Nor can the homestead exemption attach to a tenement the ownership of which is disconnected from the soil upon which it stands. Such right can alone attach to the building occupied as a home, through, or by virtue of, the ownership of the land upon which it is situated.

5. ORDER OF PROCEEDINGS — *time to object to insufficiency of plaint in replevin.* An objection to the sufficiency of a plaint in replevin should be. taken by way of a motion to quash; it comes too late on the trial.

6. TENANT HOLDING OVER — *presumed to be wrongful.* Where a leasing is for a specific time, and the tenant holds over after the expiration of the term, there being no evidence to the contrary, the presumption is that the holding over was wrongful.

7. NOTICE TO QUIT — *when necessary.* When a tenant holding over claims the premises adversely to his landlord, he is not entitled to notice to quit before an action of forcible detainer can be maintained against him.

8. TENANT CANNOT CLAIM ADVERSELY *to his landlord.* If a tenant, after renting premises, acquires rights adverse to his landlord, he is bound to surrender the property before he can be permitted to assert them.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE MANIERRE, Judge, presiding.

James Brown, being the owner of a dwelling house known as No. 96 Adams street, situated on lot No. 3, in block No. 121, in the school section addition to the city of Chicago, executed a chattel mortgage upon the property to R. D. McFarlane, with a power of sale in the mortgagee in the event of a failure to pay the money intended thereby to be secured. The condition of the mortgage becoming broken, McFarlane sold the house, and after several transfers the property in the house became vested in Peter P. Keller. The title to the lot upon which the house stood was in A. Bigelow, from whom, through several intermediate assignments, Brown held a lease at the time of the execution of the mortgage to McFarlane; but prior to the 31st of October, 1860, that lease, also, became vested in Keller. On the day last mentioned, Keller executed to Brown

a lease of the lot and the house for a term of six months, ending May 1, 1861. During all this time Brown was in the actual occupancy of the premises, as a home, with his family; and his wife did not join him either in the execution of the mortgage or the transfer of the lease upon the lot. After the expiration of the lease from Keller, Brown held over, remaining in the house as tenant, by sufferance, from month to month, from May 1st to the time of his death, which was in September, 1861.

Helen S. Brown, the widow of James Brown, being left in possession of the premises at the death of her husband, set up a claim of homestead therein, refusing to pay rent. On the 1st of July, 1862, Keller gave her written notice to quit, requiring her to deliver up the possession on the 1st of August following. Mrs. Brown not complying with this demand, Keller, on the 2d of August, commenced this action of forcible detainer against her, alleging in his complaint the making of a lease to her, that the term had expired, and that he had made demand, in writing, for the possession of the premises, upon the defendant, who willfully, and without force, was holding over such possession, after the determination of the time for which the premises were let to her, and after notice to quit.

After a trial and judgment before the justice of the peace before whom the suit was commenced, an appeal was taken to the Circuit Court, where such proceedings were had that the defendant was found guilty of unlawfully withholding from the plaintiff the premises described in the complaint. A motion for a new trial was refused, and a judgment entered upon the verdict of the jury. Thereupon the defendant below sued out this writ of error.

The questions presented upon the record are, *first,* whether James Brown had such an interest in the premises in question as will support a claim of homestead in his widow; *second,* whether the complaint was sufficient, it not being alleged that the tenant held over without leave of the landlord; and herein of the time within which such an objection should be made; *third,* as to the sufficiency of the notice to quit, and whether

the tenant by setting up a claim adverse to the landlord did not waive such notice.

Messrs. SMITH, HART & CLYDE, and EMERY A. STORRS, for the plaintiff in error.

Mr. JAMES REDFIELD, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The homestead exemption, created by the statute, if it attaches to any estate less than a fee, can not continue or be claimed after the estate has terminated. The persons who, by the provisions of the act are entitled to its benefits, must be the owners of the premises. Whatever may be said of the owner of a term — a life or contingent estate — a person having no interest in the property, or right to its enjoyment, is clearly not embraced in the provisions of the law. The term for which the husband of plaintiff in error held the property had expired before his death. This, then, precludes the possibility of his widow claiming any homestead exemption in the premises.

Nor can the homestead exemption attach to the owner of a tenement disconnected from the soil upon which it is erected. It is the owner of the land, and his widow and heirs, and not the owner of a building, who have the right to claim the benefits of the act. When this right was asserted by plaintiff in error, even if the mortgage of the house by her husband, and the sale under it had been void, the lease of the ground upon which it stood had expired, and all of her rights were confined to the building alone, and to that no homestead rights could attach. These rights can alone attach to the building occupied as a home, through, or by virtue of the ownership of the land upon which it is situated.

It was objected that the plaint upon which this proceeding was based, was insufficient, in not alleging that plaintiff in error held over without leave of the owner. This may be a defect, but, if so, it should have been urged by way of a motion to quash. The objection came too late on the trial. In this case the evidence shows that the leasing was for a specific time, and

that plaintiff in error held over after the time had expired.   In the absence of evidence to the contrary, the presumption is, that the holding over was wrongful.   This warranted the jury in so finding.

It is likewise urged that the notice to quit was insufficient. That having entered under a lease for six months, and having held over a month after the expiration of the term, the presumption is raised of a renewal of the lease, and that the notice should have required her to quit at the end of six months from the expiration of the first term.   It is a complete answer to this objection, that plaintiff in error disclaimed to hold under her landlord.   She asserted a right to hold independent of, and adversely to, him.   She was therefore estopped from claiming a notice to terminate any lease from the defendant in error.   During this whole controversy she has claimed to hold as the tenant of Bigelow's heirs, and not as the tenant of defendant in error.   If, after renting from him, she acquired rights adverse to his, she was bound to surrender the property to her landlord before she could be permitted to assert them. This she has not done; and even if the supposed lease from Bigelow's heirs conferred any rights, she is not in a position to assert them.   The judgment of the court below is affirmed.

*Judgment affirmed.*