## THE ST. LOUIS AND SOUTHEASTERN RAILWAY CO.

*v.*

## EDWARD C. RICE.

1. FRAUD—*false representations.* Every false affirmation does not amount to a fraud. A knowledge of the falsity of the representations must rest with the party making them, and he must use some means to deceive or circumvent.

2. SAME—*to avoid a settlement.* Where a civil engineer, on settlement of his account with a railway company, was induced to accept bonds of the company in payment, on the representations of the president of the company that the bonds were worth eighty-five cents on the dollar, and that the railroad had, up to that time, paid all expenses of its operation and the interest on its indebtedness, and it afterwards appeared that the company had paid all expenses and interest as stated, but it was not from the earnings of the road, and it was not shown that the president had knowledge of this fact, and it was not shown in evidence what was the value of the bonds at the time, but only that some three months afterwards they were of little value, it was *held,* that the facts did not show such a fraud as to authorize an opening of the settlement, and a suit to recover for the services rendered.

3. SETTLEMENT—*may be avoided for fraud.* A settlement of a claim for services by taking certain bonds in full, may be abandoned by a party, and he be allowed to sue on his original account, if he was induced by fraud to accept such bonds in settlement, by bringing them into court.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. J. M. HAMILL, for the plaintiff in error.

Messrs. C. W. & E. L. THOMAS, for the defendant in error.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by Edward C. Rice, against the St. Louis and Southeastern Railway Company, to recover for services rendered as a civil engineer. A jury having been waived, the court, on a trial of the cause, rendered judgment in favor of the plaintiff, for $13.950.

This is not a case in which there is a conflict of the evidence, but the position of the defendant is, conceding the facts to be as stated by the plaintiff in his evidence, still the evidence does not authorize a recovery.

The plaintiff, as appears from the testimony, had been in the employ of the defendant from the early part of 1869 until the first day of June, 1873, on a salary of $4000 per annum. He had received but one year's pay. On the 1st day of June, 1873, he made a settlement with the president of the company, and agreed to accept, in payment for his services, $15,000 in consolidated Southeastern Railway bonds. The bonds, bearing interest, and payable at a future day, were executed and delivered to the plaintiff in pursuance of the settlement. One year's interest on the bonds was subsequently collected, but the bonds proving to be of little value on account of the insolvency of the railway company, the plaintiff brought this action to recover for his services, and on the trial offered to surrender to the defendant the bonds.

If there was fraud in the contract under which the plaintiff agreed to accept the bonds in payment for his services, then it is clear he can not be concluded by the settlement, as fraud will vitiate any contract. The important inquiry, then, is, whether the plaintiff was induced to accept the bonds in payment of his services, by the false and fraudulent representations of the company.

The statements relied upon by the plaintiff to establish fraud, are, in substance, that the president of the company stated verbally and in his printed reports, that the road was earning operating expenses and interest on its bonded indebtedness, and that he also stated the bonds were worth about

eighty-five cents on the dollar. The plaintiff concedes, that up to the time of the settlement the company had paid interest on its bonded debt, and also running expenses, but he claims, from a report made in 1875, it appeared that at no time had the earnings been sufficient for that purpose. We perceive no ground, however, upon which it can be held that the statements made constitute fraud on the part of the company. The statements made by the president of the company may not have been strictly true, and yet the untruthfulness of the statement would not constitute fraud. Every false affirmation does not amount to a fraud. A knowledge of the falsity of the representations must rest with the party making it, and he must use some means to deceive or circumvent. *Walker* v. *Hough*, 59 Ill. 375.

At the time the plaintiff accepted the bonds, what they were actually worth in the market does not appear. For aught that was proven, they may have been worth in the market all that it was stated by the president they were worth. The mere fact, that the bonds could not be sold three months after the settlement, does not, of itself, prove they were worthless when the settlement was made. It is no uncommon thing for railroad bonds and other securities of the character these were, to fluctuate rapidly on the market, and the president of the railway company may have been honest in the opinion that the bonds, when delivered to the plaintiff. were worth eighty-five cents, and yet, within three months, they may have been entirely worthless.

In regard to the other representations, it is not disputed that the company had, in fact, paid interest on its debt, and running expenses; and conceding it to be true that the money so paid was not from the earnings of the road, it no where appears that the president of the company knew the statement to be false, or that it was made with the view or for the purpose of deceiving or defrauding the plaintiff, and if the statement was untrue, we can not hold such fact, alone, sufficient to vitiate the settlement made between the parties.

So far as appears from the evidence, no undue influence was

used on behalf of the president of the company, to induce the plaintiff to accept the bonds in payment of his debt. The plaintiff voluntarily made the settlement, and if he has lost by the arrangement, he alone is responsible for the loss.

As the evidence did not authorize the judgment, it will be reversed, and the cause remanded.

*Judgment reversed.*