Gould v. Sternburg.

# Hiram Gould et al.
## v.
## Mary E. Sternburg.

1. Trespass quare clausam.—To maintain trespass *quare clausam*, the plaintiff must have the actual or constructive possession of the premises. If the premises are not occupied, then the one having title and right of possession can maintain the action, for he is held to be in the constructive possession.

2. Possession by tenant.—If a tenant of the plaintiff had exclusive possession at the time of the alleged entry, the injury to the possession was sustained by him, and the plaintiff cannot maintain this [action.

3. Damages—Measure of.—If the trespass amount to an ouster of the plaintiff, he can recover damages only for the trespass itself, or first entry; for though every subsequent wrongful act is a continuation of the trespass, yet to enable the plaintiff to recover damages for these acts, there must be a re-entry by him.

4. Parties deriving interest pendente lite.—If a party derive his interest in the premises from the defendants in a suit, *pendente lite*, he will hold such interest subject to any decree made in the cause, and he cannot urge in this action that he was not a party to the former suit and is not affected by it.

5. Injury to reversion.—The evidence failing to show that there was any injury to the reversion, the owner thereof cannot recover.

Error to the Circuit Court of Will county; the Hon. Josiah McRoberts, Judge, presiding. Opinion filed November 1, 1879.

This action was commenced May 4th, 1878, before a justice of the peace by defendant in error, to recover damages for an alleged wrongful entry into the lands of which she was possessed, and upon appeal to Circuit Court she obtained a verdict for $200, and the court refusing the defendants a new trial, they bring the case here on error.

It appears from the record that the defendants below, Charles and George Gould, had been in possession of the land and farmed it since 1876, although not living upon it, and that at the time of the alleged trespass, they had ungathered corn standing upon the premises.

It also appears that the title to the land has been in litigation between the defendant in error and Hiram Gould, James Gould and others, and that in such suit the title was finally adjudged to be in the defendant in error, and a writ of assistance was issued therein to place her in possession of said lands, and such writ was executed on March 20th, 1878, by the sheriff of Will county, by reading the same to said Hiram Gould, and placing the agent of defendant in error in possession of the premises.

This writ did not run against the said Charles and George Gould, but it is claimed that they derived their interest in the land from the defendant in the suit *pendente lite*, and are therefore bound by the decree.

After the service of the writ, the defendant in error through her agent, rented the premises for one year to James O'Keefe for a rent of $200, and whether the said O'Keefe, took possession under his lease was one of the disputed questions of fact before the jury.

After the 20th of March, and before the commencement of this suit the defendants below went upon the land, and remained thereon cultivating it, and refused to allow the agent of defendant in error to come upon the premises. This entry into the land and retaining possession thereof by the defendants below, is the trespass complained of by the defendant in error.

On the trial below the defendant in error was allowed to recover as damages the rental value of the land for the year 1878.

Messrs. HALEY & O'DONNELL, for plaintiffs in error; that to maintain this action the plaintiff must have actual possession of the premises, or, if they are unoccupied, the right to possession, cited Campbell v. Arnold, 1 Johns. 510; Wickham v. Freeman, 12 Johns. 183; Halligan v. C. & R. I. R. R. Co. 15 Ill. 558; Dean v. Comstock, 32 Ill. 173; Winkler v. Meister, 40 Ill. 349; Smith v. Wunderlich, 70 Ill. 426.

Title draws to it the constructive possession only when the premises are vacant and unoccupied: McWilliams v. Morgan, 75 Ill. 473; Sedgwick on Measure of Damages, 149.

Gould v. Sternburg.

The issuance of a writ of assistance is a separate proceeding, addressed to the court after final decree: Smith v. Brittenham, 3 Bradwell, 62.

Generally as to writ of assistance: Bruce v. Roney, 18 Ill. 67; Kessinger v. Whittaker, 82 Ill. 22.

Two adverse possessions cannot co-exist: 3 Washburn on Real Prop. 125.

A right of action must accrue prior to the commencement of a suit, and no recovery can be had for damages accruing after suit: Crabtree v. Haganbaugh, 25 Ill. 233; Cheatham v. Lewis, 3 Johns. 42; Hamlin et al. v. Race, 78 Ill. 422.

In trespass *quare clausam* the plaintiff claiming actual possession can only recover damages for the ouster: Smith v. Wunderlich, 70 Ill. 426; McWilliams v. Morgan, 75 Ill. 473; Case v. Shepherd, 2 Johns. Cas. 27; Allen v. Thayer, 17 Mass. 300.

There is no evidence to connect Hiram Gould with the alleged trespass and the joint judgment against him with others cannot be sustained: Jansen v. Varnum, 11 Chicago Legal News, 59.

Evidence as to the trespass to be admissible must apply equally to all the defendants: Smith v. Wunderlich, 70 Ill. 426; Yeazel v. Alexander, 58 Ill. 254.

Messrs. BARBER & RANDALL, for defendant in error; that the decree is a sufficient basis for the writ of assistance, cited Aldrich v. Sharp, 3 Scam. 262; Jackson v. Warren, 32 Ill. 331; Kessinger v. Whittaker, 82 Ill. 22.

A person not a party to a cause against whom obedience to an order may be enforced, is liable to the same process for enforcing obedience as if he were a party: 2 Daniels' Ch. Pr. 1061.

Exceptions must be made in the court below: Dickhut v. Durrell, 11 Ill. 72.

All who are concerned in a trespass are principals: Whitney v. Turner, 1 Scam. 253; Gilson v. Wood, 20 Ill. 37; Ously v. Hardin, 23 Ill. 403; Olsen v. Upsahl, 69 Ill. 273.

PILLSBURY, P. J.   There was evidence in the record tending to show that the tenant of defendant in error, O'Keefe, had

taken actual possession of the premises under his lease, and the court should have submitted that question to the jury, by giving the defendants' instruction asked upon that point as follows:

" The court instructs the jury that if they believe from the evidence in this case that the plaintiff, through her agent, rented the premises in controversy to one James O'Keefe, and that the said O'Keefe had the actual and exclusive possession of the premises at the time of the alleged trespass, then the law is that the plaintiff cannot recover in this action for any injury done to the possession only." To maintain trespass *quare clausam fregit*, the plaintiff must have the actual or constructive possession of the premises. If the premises are not occupied, then the one having title and right of possession can maintain the action, for in such case he is held to be in the constructive possession, but when the premises are occupied, the action must be brought by the party having such possession. If, therefore, O'Keefe had taken actual and exclusive possession and held the same at time of the entry by defendants, as supposed by the instruction, then the injury to the possession was sustained by him, and defendant in error could not maintain this action.

There is no claim made by defendant in error and no evidence to sustain it, if made, that the entry of the defendants caused any injury to the reversion, or that as the owner thereof she is entitled to maintain this action.

We are also of the opinion that the plaintiff should not have been allowed in this suit to prove and recover as damages the rental value of the land for the whole year of 1878. This suit was commenced May 4, and while the defendants still retained the possession under their entry in the preceding April. The defendant in error had not re-possessed herself of the premises by re-entry or by action. In such case the rule appears to be that the damages are limited to the injury caused by the ouster itself.

The case of Smith v. Wunderlich, 70 Ill. 426, is decisive of this question, as the rule " that if the trespass amount to an ouster of the plaintiff, he can recover damages only for the

trespass itself or first entry; for though every subsequent wrongful act is a continuation of the trespass, yet to enable the plaintiff to recover damages for these acts there must be a re-entry," was clearly announced as the settled law in this State.

The point is made by plaintiff in error, Charles Gould, that he was not a party to the suit in which the title to the premises was determined, and he is not, therefore, affected by the decree, nor by the writ of assistance issued thereunder.

If it should appear upon a re-trial of this cause that he acquired his interest in the premises from the defendants therein *pendente lite*, then he would hold such interest subject to any decree made in the cause, and as he could defend the suit in the name of the defendant, he cannot urge that he was not made a party.   Oetgen v. Ross, 47 Ill. 142.

The litigating parties in such case are not bound to take any notice of the title or interest so acquired. 1 Story Eq. Sections, 405–406; Bishop of Winchester v. Paine, 11 Ves. 194; Murray v. Ballou, 1 Johns. Ch. 566.

It is urged by plaintiff in error, Hiram Gould, that there is no evidence connecting him with the alleged trespass.   We have carefully examined the testimony, and are of the opinion that there is sufficient proof in the record tending to show his participation in the acts of the other defendants, to justify the jury in finding that he should be held as a principal.

For the errors indicated the judgment must be reversed and cause remanded.

Judgment reversed.