CALVIN A. BUDLONG

v.

HENRY CUNNINGHAM.

</div>

1. DECEIT—ACTION FOR.—In actions for deceit it is incumbent upon the plaintiff to show, by a preponderance of testimony, that the representation was false; that it was known to be so by the defendant when he made it; that it was relied on by the plaintiff as true; that it related to something that was material and operated to induce the plaintiff's action in making the contract.

Budlong v. Cunningham.

2. DILIGENCE ON PART OF PLAINTIFF.—If by any ordinary degree of precaution the plaintiff could have ascertained the falsity of the statement or representation made to him, he is not entitled to recover in this action.

3. MEASURE OF DAMAGES.—In an action for deceit in the sale of land the measure of damages would be the difference between the actual value of the land, and what it would have been worth, if as represented by the vendor, with interest on such difference.

APPEAL from the City Court of Aurora; the Hon. C. D. F. SMITH, Judge, presiding. Opinion filed May 31, 1882.

Mr. M. O. SOUTHWORTH and Mr. CHARLES WHEATON, for appellant; that matter of opinion alone will not make such a representation as furnishes ground for an action, cited Miller v. Craig, 36 Ill. 109; Cox v. Montgomery, 36 Ill. 396; Eames v. Morgan, 47 Ill. 260.

The *scienter* must be proved: Hines v. Richter, 51 Ill. 299; Merwin v. Arbuckle, 81 Ill. 501; St. L. & S. E. Ry. Co. v. Rice, 85 Ill. 400; Walker v. Hough, 59 Ill. 375.

If the party had equal means of knowledge, he will not be protected: Slaughter v. Gerson, 13 Wall. 379; Rockfellow v. Baker, 41 Pa. St. 319; Hobbs v. Parker, 31 Me. 143; Brown v. Leach, 157 Mass. 364; Long v. Warren, 68 N. Y. 426; Harris v. McMurray, 23 Ind. 9; Clement v. Boone, 5 Bradwell, 109; Cooley on Torts, 487.

It is erroneous to give an instruction calling particular attention to certain specified statements or facts: Evans v. George, 81 Ill. 51; Ogden v. Kirby, 79 Ill. 555; Hatch v. Marsh, 71 Ill. 370; C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Chittenden v. Evans, 41 Ill. 251; McCartny v. McMullen, 38 Ill. 237.

An action for deceit can be maintained only where the deception complained of was intentional, and the purchaser was deceived: Wheeler v. Randall, 48 Ill. 182; Eames v. Morgan, 37 Ill. 260; Wisdom v. Becker, 52 Ill. 342.

All the facts constituting the fraud must be set forth in the pleading: Slack v. McLagan, 15 Ill. 242; Wood v. Goss, 21 Ill. 605.

Mr. A. J. HOPKINS and Mr. A. C. LITTLE, for appellee; that a judgment will not be reversed on account of an erroneous instruction, which did not mislead the jury, cited Howard F. & M. Ins. Co. v. Cornick, 24 Ill. 455; Stobie v. Dills, 62 Ill. 432; C. B. & Q. R. R. Co. v. Dixon, 63 Ill. 151; Graves v. Shoefelt, 60 Ill. 462; T. P. &. W. R. R. Co. v. Ingraham, 58 Ill. 120.

A new trial will not be granted, if from the record it is apparent a retrial would result in the same way: Kuhnen v. Blitz, 56 Ill. 171; Brown v. Rutherford, 60 Ill. 41; McConnell v. Kibbe, 33 Ill. 177; Pahlman v. King, 49 Ill. 266.

PLEASANTS, P. J. This was an action on the case for alleged deceit as to the quantity of land contained in lots 5 and 6, in block 6, of Wagner's second addition to the city of Aurora, conveyed by appellant to appellee on March 8, 1878. At the December term, 1880, plaintiff obtained a verdict for $280.94 damages, on which the court, after overruling a motion to set it aside, entered judgment, and the defendant appealed.

Only the last count in the declaration is relied on, and that on its face is of doubtful sufficiency. There was also a variance between the allegation and proof as to the contract by which plaintiff acquired the lots. But appellant is not here in a position to take advantage of these defects and they may be avoided by amendment hereafter. We reverse the judgment for error in giving an instruction for the plaintiff and in overruling defendant's motion to set aside the verdict on the ground that the damages assessed were excessive.

According to the case of Merwin v. Arbuckle, 81 Ill. 501, it was incumbent on the plaintiff to establish by a preponderance of the evidence the following propositions: (1) That the representation complained of was false; (2) That it was known by the defendant to be so when he made it: St. L. & S. E. R'y Co. v. Rice, 85 Ill. 406; (3) That it was relied on by the plaintiff as true; (4) That it related to something that was material and operated to induce his action in making the contract for the property. And if by an ordinary degree of precaution he could have ascertained its falsity, he was not entitled to recover. Eames v. Morgan, 37 Ill. 260.

Budlong v. Cunningham.

It is satisfactorily shown that defendant represented and conveyed the lots as containing six acres, and that they in fact contained only four and eighty-two hundredths acres. But each of the other propositions above stated was contested. The second—the *scienter*—was most emphatically denied, and it is not putting it too strongly to say that the evidence introduced by the defendant on that subject made the question a close one. At the instance of the plaintiff the court gave the jury this instruction: "If the jury believe from the evidence that the plat attached to the abstract of title of the land in controversy indicated the number of acres in each lot, and that Budlong's attention was called to said plat before the execution of his deed to Cunningham; that he lived within a few rods of it and had cultivated it for a number of years, and that he has made statements to other parties regarding his knowledge of the number of acres at the time or previous to his conveyance to Cunningham, other and different from those testified to by him on the trial of this case, then you can take the same into consideration in determining his knowledge of the number of acres of land in controversy." There is no evidence preserved in the record which tends to show a material difference between the statement made by defendant as a witness on the trial and any made by him on other occasions, relating to his knowledge of the quantity. It appears from his own testimony and that of others that on several occasions before the conveyance he had spoken of these lots to the plaintiff and to others, directly and incidentally, by various forms of expression lacking nothing of positiveness, as containing six and a quarter acres; but that this was a matter of opinion or belief and not of knowledge and was so understood by the plaintiff before he consummated the purchase, may be fairly argued from several circumstances appearing in evidence—notably his erasure of the words " and one quarter " from the quantity clause of the description in the deed, and the reason he gave to the plaintiff for so doing, before he delivered it.

He testified that he never measured the lots; that all he knew about the quantity of land in them was what he had

been told by Mr. Van Nortwick, the lawyer who examined the title and made the papers for him when he purchased, and that he believed he had so stated on several occasions to the plaintiff, and on one to Mr. Edwards in his presence; while plaintiff and Edwards testified that on the occasion last referred to he did not so speak of it.

And this is all the foundation in the evidence for that portion of the instruction relating to differences of statement regarding his knowledge of the number of acres in the lots. If he knew that they contained less than the amount stated, then the statement was false and he knew it, though expressly made as upon information alone; but how his statement on one occasion that they contained six and a quarter acres, and on another, that he had been so told by Van Nortwick and that was all he knew about it, could tend to prove that he knew they contained less, we do not perceive.

Such a difference, if it can be properly so called, is insufficient to warrant that portion of the instruction relating to it, and the whole is vicious as presenting with special prominence only that portion of the evidence bearing upon the issue which was introduced on the part of the plaintiff.

In Drew v. Beal, 62 Ill. 164, which was for deceit as to quality on an exchange, the measure of damages was held to be " the difference between the actual value of the land and the value of such a piece of land as this was represented to be " (p. 168); being the same as for breach of warranty. Woodworth v. Woodburn, 20 Ill. 184; Wallace v. Wren, 32 Id. 146. So in case for deceit on sale, Stiles v. White, 11 Metc.; and for fraudulent misrepresentation as to quantity and condition, Whitney v. Allaire, 1 Comst. 305. In Johnston v. Beeney, 5 Bradw. 601, it was said that the measure of damages where the plaintiff retains the land is the difference between its actual value and what it would have been if as represented, with interest on such difference. And in Hiner v. Richter, 51 Ill. 299, that where the quantity is deficient it is " the amount of the purchase money paid thereon and interest."

In the case at bar the plaintiff did not pay in money. He conveyed a house and lot for the lots in question, and boot

money. The highest estimate of the value of the land was $200 per acre. The shortage, as found by actual measurement, was one acre and eighteen hundredths of an acre. By the most liberal rule, then, the damage would be............$236.00

With interest, as calculated by plaintiff's counsel.... 24.93

$260.93

While the amount assessed by the jury was......... 280.94

Being an excess of...............................$ 20.01 for which, since the plaintiff made no offer to remit, the verdict should have been set aside. For these errors the judgment is reversed and the cause remanded.

