# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1885.

## MARY BREHER
## v.
## THOMAS REESE.

1. LEASE.—The acceptance of the lease by appellant from her father, estops her from setting up the verbal agreement that the land should be hers.

2. LEASE—VERBAL AGREEMENT.—A written executory lease under seal can not be changed by a subsequent verbal agreement between the parties to such lease made during the existence of the lease.

APPEAL from the Circuit Court of Will county; the Hon. C. P. GARNSEY, Judge, presiding. Opinion filed December 4, 1885.

This was a suit commenced by appellee against appellant, before a justice of the peace, on March 25, 1884, in an action of forcible detainer, to recover the possession of a cert in farm described in the complaint. The trial before the justice resulted in favor of the appellant, and the cause was by appellee appealed to the county court, where the cause was again tried by the court and a jury, and resulted in a verdict of guilty against the appellant. After motion for new trial by appellant was overruled, judgment for possession of the premises

(545)

was entered and costs of suit, from which judgment appellant has appealed to this court.

The appellee, to prove the issues on his part, offered in evidence, lease signed by one George Vogel, to the appellee, for the premises in question, which was procured on demand from the possession of the attorney for appellant, dated March 1, 1883, running from the first day of March, 1883, to the first day of March, 1884.

The party of the second part, appellant, was to pay us and for the rent, all taxes that might lawfully be assessed against the premises and to keep them in good repair. The condition of the lease was declared to be " the same as for the previous terms of leasing to my daughter, the said Mary Breher, since 1875," and that " the written lease is for the sole use and benefit of my said daughter, and the proceeds thereof to belong to her sole and separate estate." Appellant's name was not signed to the lease, but she had possession of it, and evidence of her admission that she was holding under the lease was introduced.

Appellee then offered in evidence record of a warranty deed from George Vogel and wife, to him, for the same premises, dated November 15, 1883, consideration $4,750, after proving the loss of the original deed. The appellee then introduced a written demand for possession after the time for the continuance of the lease had expired and before the suit was commenced.

The appellant then offered to introduce evidence by way of defense, to show under what conditions she was holding the property from her father, George Vogel; to which appellee objected by his counsel, and appellant's counsel offered in connection with the question to prove that appellant went into possession of the premises in question eight years ago, under a verbal agreement with her father, the then owner thereof, that if she would reside thereon and work the land and pay the taxes thereon during his life, the said premises should, at his death, be her own; that she did so occupy, live upon and take care of said premises and pay the taxes, in pursuance of said agreement, and made lasting and valuable improvements thereon; which evidence was ruled out by the court, to which appellant at the time excepted.

Appellant further testified that she put in the wheat crop last fall and did the fall plowing for the present standing crop and put in the crop last fall. That the lease in evidence she never signed or saw signed. "It has always been in the possession of Mr. Merrill, I suppose." Mr. Merrill was her attorney.

The counsel for the appellant then asked her this question : After the making of the alleged lease, March 1, 1883, and before the plaintiff purchased the said premises, was there any arrangement between your father and yourself as to the ownership of the crops planted or to be planted by you in the fall of 1883? Which was ruled out by the court and exception taken.

The defendant then offered to prove that in the fall of 1883, and before the alleged sale of the said premises to plaintiff, the defendant did the plowing for and put in the fall crops now on said premises, with the knowledge and acquiescence of her father, George Vogel, then the owner of the said premises, and with the assurance from him that she would have the right to remain and harvest said crops. Which offer upon objection the court refused, and appellant's counsel excepted.

Messrs. Olin & Phelps, for appellant.

Messrs. Haley & O'Donnell and Mr. J. M. Johnson, for appellee.

Lacey, P. J. The only question in the case is, did the court err in rejecting the evidence offered.

As to the first evidence offered, that the appellant went into possession under a verbal contract for purchase or gift of the land, we think that it was properly rejected; for without stopping to inquire whether such a verbal agreement could be set up, in an action of law, to defeat recovery as against our statute of frauds and perjuries, we are clearly of the opinion that the acceptance of the lease by the appellant from her father would estop her from afterward setting up the original agreement, and the acceptance of this lease she scarcely

denies, but simply says she never saw and never signed it; but this in face of her admission on the trial before the justice of the peace that she held the land under the lease, which admission she did not deny, is sufficient when not contradicted or offered to be contradicted to establish the fact that she did so hold. But this objection does not seem to be very much relied upon to reverse the judgment. But the main cause for error, the refusal of the court to allow appellant to prove a verbal agreement made in the fall of 1883, between Vogel, the then owner of the land, and appellant, to extend and change the terms of the lease as regards the ownership of the crops to be planted in the fall of 1883, and the assurance by him that she might remain and harvest them, is mainly relied on to reverse the judgment of the court below.

We have examined the question with the care its importance seems to demand, and have come to the conclusion that the court below committed no error in its exclusion.

If the evidence would have been proper in case Vogel had remained the owner of the land and had been the plaintiff in the forcible detainer suit, it would have been proper in the case as it stood with appellee as plaintiff and assignee of the term; otherwise not. This brings up the question whether a written executory lease, under seal, can be changed by a subsequent verbal contract between the parties to such lease, made during the existence of the lease, and whether this agreement amounts to a change of the terms of the lease.

However oppressive the rule may sometimes work, and however much there may be a want of sound reason for the continuance of the rule, we are compelled to recognize the law as it is, and to hold that such is the law in this State, and that no such change of a written lease, under seal, while executory, can be legally made.

The question has been abundantly settled by the Supreme Court, in this State, and will be seen by reference to Loach v. Farnum et al., 90 Ill. 398; Baker v. Whiteside, Breese, 174; Chapman v. McGrew, 20 Ill. 101; Barnett v. Barnes, 73 Ill. 217. In this case the lease was for the term of one year, run-

ning from 1st March, '83, to 1st March '84. The effect of the agreement made while the lease was executory was to change it from a lease for one year to one for a longer time, or to abrogate it entirely and create a new lease commencing in the fall of 1883, running till some time in the summer after harvest of 1884, or extending the time of the old lease with an agreement to sow fall crops, in fall 1883, either of which was a change of 'the original lease, which was still in force at the time the new agreement was made. By the old lease no fall crop was to be planted, by the new one there was to be wheat sown. By the lease the term expired the first of March, 1884, by the new parol agreement not till after harvest. Therefore the new agreement, if one could have been shown, was void under the rule of law that an existing executory agreement, under seal, can not be changed by an agreement not under seal.

Appellant's counsel seeks to maintain his position by claiming that appellants had license to plant the fall crops and should not be turned out after they were planted till harvested, but the answer to this is that the license granted by the agreement to extend the lease was as void as a license as an agreement. The original lease must govern, and by that the tenancy expired on the 1st day of March, A. D. 1884.

We perceive no error in the record and therefore affirm the judgment of the court below.

Judgment affirmed.