CHARLES S. WYNN

v.

HENRY A. LONGLEY.

*Sales—Deceit—Damages—Evidence.*

In an action for the recovery of damages because of alleged deceit as to quality of a quantity of wool sold, this court holds that the true measure of damages in such cases is the difference between the actual value of the property at the time and place of sale, and what its value would have been had its quality been as represented, and that the trial court erred in awarding damages in behalf of plaintiff in the absence of evidence touching these points.

[Opinion filed April 3, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. ALEXANDER CLARK, for plaintiff in error.

Messrs. FREEMAN & WALKER, for defendant in error.

GARNETT, P. J.   This is an action on the case for deceit in the sale of a quantity of wool by Wynn to Longley.

On the trial before the court without a jury there was a finding against Wynn, the vendor, an assessment of damages at $4,000, and judgment on the finding. The wool was sold in Chicago October 8, 1886, and then or soon thereafter delivered to Longley at the same place. The declaration charges that Wynn knowingly misrepresented the wool to be of a certain kind and thereby deceived and defrauded Longley, the damages being laid at $8,000. Longley claims that the wool which was actually sold and delivered to him was worth less than the price he paid for it, and less than it would have been worth had it been the kind of wool represented by Wynn.

In the record, however, no evidence is found tending to prove its actual value, or the value it would have borne if the alleged representation had been true, at the time and place of delivery. The general rule in this class of cases is that the measure of damages is the difference between the actual value of the property at the time and place of sale, and what its value would have been had it been as represented to be. 2 Sutherland on Damages, 422; Woodworth v. Woodburn,

20 Ill. 184; Wallace v. Wren, 32 Ill. 151; Drew v. Beall, 62 Ill. 164; McClure v. Williams, 65 Ill. 390.

Although Crabtree v. Kile, 21 Ill. 180, seems to conflict with this doctrine, we consider the rule as stated above to be more in consonance with sound reason and fairness to the parties. The correctness of the rule adopted in Thorne v. McVeagh, 75 Ill. 81, is not denied when applied to the facts of that case, which are materially different from those now before us.

In Carpenter v. First National Bank, 119 Ill. 352, the expression of the opinion is in support of Crabtree v. Kile, but was not necessary to the decision of the case then under consideration, was not put forth as a guide to the court below in a new trial, as the judgment was affirmed, and hence can not be relied on to overthrow the sound rule. The absence of evidence on the points specified is fatal to the judgment. No other error is found. The judgment is reversed and the cause remanded.

*Reversed and remanded.*