## Susanna Merki  v.  John Merki, Jr.

### Gen. No. 11,012.

1. FORCIBLE DETAINER—*who may maintain.*  Where the relation of landlord and tenant exists, the landlord may, in a proper case, maintain forcible detainer to recover possession of the demised premises.

2. FORCIBLE DETAINER—*not barred by pendency of ejectment suit.* The pendency of an action of ejectment is not a bar to the maintenance of an action of forcible detainer with respect to the same premises, as the former involves the question of title and the latter the right to possession.

3. LANDLORD AND TENANT—*how relation of, created.*  To establish the relation of landlord and tenant it is not necessary that the words " lease " or " let " or " rent " should be used; any language plainly meaning or implying that the one was holding from or under the other is sufficient.

4. LANDLORD'S TITLE—*tenant estopped to deny.*  A tenant is estopped to deny his landlord's title, until there has been a surrender of possession.

5. HOMESTEAD—*when widow estopped to set up.*  Where a widow claims an estate of homestead in lands occupied by her husband at the time of his death as a tenant, such widow cannot, as against the landlord of her husband, set up an estate of homestead in the demised premises without first delivering up possession.

6. DELIVERY OF DEED—*when circumstantial evidence concerning, is incompetent.*  It is only where the question of the delivery of a deed is doubtful or debatable that it is competent to show surrounding circumstances, such as the grantor's treatment of the lot as his own.

Action of forcible detainer. Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 12, 1904.

**Statement by the Court.**  This was an action in forcible detainer brought by John Merki, Jr., defendant in error, against plaintiff in error, his stepmother, the widow of John Merki, deceased, his father, before a justice of the peace, for the possession of lot 20, block 4, in a certain subdivision of this county.  For convenience the defendant in error will hereafter be denominated the plaintiff and the plaintiff in error, defendant.  Plaintiff recovered before the justice.  Upon appeal to the Circuit Court, after all the

evidence offered by both parties was in, the court directed a verdict for the plaintiff, upon which judgment was rendered.    The defendant has by writ of error brought the record of the proceedings before this court.

Plaintiff's proof tended to establish the following:    Early in 1895 plaintiff's father, John Merki, Sr., was living with defendant, his second wife, in a small flat.    Being dissatisfied with the place he asked plaintiff, his son, to build for him a cottage on plaintiff's lot.    This the son refused on account of the unfriendly relations between himself and the other children and their stepmother, but proposed to his father that he, the son, should buy a lot for the erection thereon of a house that the old people might live in, to be surrendered to plaintiff after the death of the father; that defendant and her husband might occupy the house during the life of the latter, and that upon his death the property should revert to plaintiff.    To this proposition the father consented.    Accordingly through the joint efforts of plaintiff, his brother Louis and their father, a lot was found, purchased and paid for with plaintiff's money and a deed taken in his name.    A house was then built upon it which was occupied by John Merki, Sr., with his wife, until his death.    Defendant refusing to vacate or give up possession, a formal demand was made and the present suit instituted.

JAMES A. PETERSON, for plaintiff in error.

ARNOLD TRIPP, for defendant in error.

MR. JUSTICE STEIN delivered the opinion of the court.

In view of the contentions of defendant hereafter noticed it becomes of importance first of all to determine whether plaintiff was entitled to maintain this action, and if so, under which clause of the second section of the Forcible Entry and Detainer Act.

The proof showed without contradiction an agreement between plaintiff and John Merki, Sr., that the latter should occupy the house to be erected upon the lot purchased by

plaintiff until the death of John Merki, Sr., and that there-
upon the property should revert to the plaintiff. As one
of the witnesses puts it, "The old gentleman said 'when
I die it goes back to you (the plaintiff); you take posses-
sion; that is all there is to it.'" This agreement created
between them the relation of landlord and tenant, and
plaintiff had the right to proceed against defendant and
recover possession of the premises under the fourth clause
of section 2 of said act which provides that forcible entry
and detainer shall lie "when any lessee of the lands or
tenements, or any person holding under him, holds posses-
sion without right after the determination of the lease or
tenancy by its own limitation, condition or terms, or by
notice to quit or otherwise." To establish the relation of
landlord and tenant it is not necessary that the words
"lease," or "let" or "rent" be used; any language plainly
meaning or implying that the one shall hold from or under
the other is sufficient. Thus in Feely v. Thewlis, 25 Ill.
App. 582, it was held that an agreement by the owner of
land allowing the occupant thereof to sow rye thereon,
implies an agreement that he should hold the land until he
could harvest it, and creates the relation of landlord and
tenant.

There was testimony offered and some of it admitted
tending to show that Merki, Sr., purchased the lot and built
the house thereon with his own money, placed it in the
hands of agents to sell, paid the taxes and claimed and
treated it as his own. It is now argued that the court erred
in directing a verdict and in not receiving all this testimony
because it showed or had a tendency to show, first, that
the father took and held possession, not as lessee of his son,
but in his own right; second, that the father was the
equitable owner of the property and that the defendant as
his widow had an estate of homestead therein; and third,
that the deed to the lot was not delivered to plaintiff. To
all these contentions excepting the last, there is one con-
clusive answer: John Merki, Sr., by reason of his being
plaintiff's tenant, was estopped from denying the title of

the plaintiff, and so was the defendant after her husband's death. Whatever right of possession she had grew out of his and terminated when he died. Stafford v. Woods, 144 Ill. 203. Even assuming that she had a homestead, still, having obtained possession from the tenant, her husband, she held it in the same capacity as he and could not set up the homestead or any paramount or adverse title without first delivering up the possession to the plaintiff. Alwood v. Mansfield, 33 Ill. 452; Knefel v. Daly, 91 Ill. App. 321; O'Halloran v. Fitzgerald, 71 Ill. 53; Lowe v. Emerson, 48 Ill. 160; Brown v. Keller, 32 Ill. 151; Fortier v. Ballance, 5 Gil. 41; McCartney v. Hunt, 16 Ill. 76; Sexton v. Carley, 147 Ill. 269; Mackin v. Haven, 88 Ill. App. 434.

It is only where the question whether a deed has been delivered is a doubtful or debatable one, that testimony such as the foregoing is proper. Of that character are Union Mutual Ins. Co. v. Campbell, 95 Ill. 267, and Weber v. Christin, 121 Ill. 91, cited by counsel. Here the question is not whether there was a delivery of the deed, but to whom it was delivered—to the plaintiff or to his father, Merki, Sr. The proof leaves no doubt as to its delivery to plaintiff. From the very first the intention of all the parties was that the plaintiff should buy the lot. When the transaction was closed and the deed was being drawn, John Merki, Sr., in answer to a question of the seller's agent, directed him to make the deed run to John Merki, Jr. The latter was not present at the time. His brother, Louis, received the deed and later handed it to plaintiff in the presence of their father. The plaintiff then requested his father to file the deed for record and gave it to him for that purpose. The father seems to have obtained the deed from the recorder's office and put it into a box in the Masonic Temple where he and his sons kept their papers. Six weeks before his death he took the deed out of the box and handed it to Louis Merki telling him to take care of it, that it was not his. All this testimony is uncontradicted, and indeed one of defendant's witnesses concurred in the proof given for plaintiff by testifying that the seller's

agent was directed by John Merki, Sr., to put the title in John Merki, Jr. Under these circumstances it would not have been proper to receive in evidence the surrounding circumstances, such as the father's treating the lot as his, and similar matters, for the purpose of showing a non-delivery of the deed. Defendant had the right to show that the testimony relied upon by plaintiff as proving a delivery to him was not true, but no such attempt was made.

An ejectment suit for the premises in question was pending between the parties at the time of bringing this one and it is said that the former is a bar to the prosecution of the latter. No authorities are cited in support of the contention, and we think it is without merit. The ejectment suit determines the title; the detainer suit, the right of possession.

It is also claimed that the plaintiff during the lifetime of his father executed a deed to him for the premises, conveying the same in fee, and thereby giving the defendant an estate of homestead. We have carefully examined all the proof in that behalf and are satisfied that it does not show a conveyance of that or any other kind.

We do not pass upon plaintiff in error's first point relating to the alleged absence from the record of the detainer complaint because it was conceded at the oral argument that the point was not well taken.

The judgment is affirmed.

*Affirmed.*