## John Miller v. J. C. Aldrich.

1. MEASURE OF DAMAGES—*in action for breach of warranty.* The measure of damages in an action for breach of warranty is the difference between the actual value of the property at the time and place of sale and what the value would have been had such property been as represented.

Action of assumpsit. Appeal from the Circuit Court of Hancock County; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 28, 1905.

JOHN D. MILLER, JOHN W. WILLIAMS, D. E. MACK and GEORGE V. HELFRICH, for appellant.

CLIFFORD W. WARNER, APOLLOS W. O'HARRA and WILLIAM H. HARTZELL, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit, brought by appellee against appellant, to recover damages claimed to have been sustained by reason of a breach of warranty of a horse purchased by him from appellant. The case was thrice tried by a jury in the Circuit Court, resulting in the disagreement of the jury in one instance, and verdicts for the plaintiff in the others. Upon the third and last trial the plaintiff recovered a judgment for $75, from which the defendant appeals. The grounds urged for reversal are, that the trial court erred in its rulings as to the admissibility of certain evidence and in its instructions to the jury; that there is no evidence in the record upon which to base the assessment of other than nominal damages, and that the verdict is not warranted by the evidence.

We have carefully considered and weighed the evidence. While upon several of the material points it is conflicting, it fairly tends to show, and the jury was warranted in finding, that during the negotiations before and at the time of the sale, appellant stated to appellee that the horse was

sound; that such statements entered into the contract of sale which was finally consummated; that when taken in connection with the circumstances of the sale, they fairly implied an intention on the part of appellant to warrant the horse to be then in sound condition; that such warranty was made for the purpose of inducing appellee to purchase the horse; that appellee acted upon the same; and further, that the horse was not, in fact, sound at the time. Appellee admits that the sum paid for the horse was $125, but insists that there is no proof in the record warranting the recovery of other than nominal damages. While there is an apparent conflict in the authorities upon the question, the true rule seems to be that the measure of damages in this class of cases is the difference between the actual value of the property at the time and place of sale, and what the value would have been had it been as represented. 2 Sutherland on Dam. 422; Woodworth v. Woodburn, 20 Ill. 184; Wallace v. Wren, 32 Ill. 151; Drew v. Beall, 62 Ill. 164; McClure v. Williams, 65 Ill. 320; Moore v. Sloane, 166 Ill. 457.

It is insisted by appellant that there is no proof in the record as to what the horse would have been worth had he been as represented. Appellee testifies that during the negotiations prior to the sale appellant stated to him that he would sell the horse for $125; that he, appellee, then said that he thought the price was a little high; to which appellant replied that he didn't think it was; that for a horse of that kind and age and perfectly sound, he thought the price was reasonable. This statement of appellee was competent to and tended to establish the value of the horse, had he been sound.

The sale was made during the latter part of April. One Smith, called by appellee, testified, over the objection of appellant, that he had at one time conducted a livery stable, and was experienced in buying and selling horses; that he knew their value in that vicinity at the time of the sale; that he saw the horse in question during the month of May following the sale, and that, in his opinion, he was, in his

then condition, reasonably worth about $50.   This evidence was competent, and tended to show that the actual value of the horse at the time of the sale was the sum fixed by said witness.

While the court erred in several instances in its rulings upon the instructions, it is evident from the verdict returned that the jury was not misled thereby, to the prejudice of appellant.   Notwithstanding the jury was not instructed as to the proper measure thereof, the damages assessed are in accordance with the law and warranted by the evidence.   Believing that substantial justice has been done, we are not inclined to disturb the judgment because of the errors referred to, and it will therefore be affirmed.

*Affirmed.*