WILLIAM W. Low *et al.*, Plaintiffs in Error, *v.* WILLIAM MARTIN, Defendant in Error.

### ERROR TO LA SALLE.

An action in case may be maintained upon warehouse receipts, purporting to have been given for produce in store, by a party who has advanced money upon the faith of them, and this whether the party has been deprived of the produce or his money.

THIS cause was heard before LELAND, Judge, at November term, 1853, of the La Salle Circuit Court. See opinion for a statement of the case.

J. C. CHAMPLIN and SHUMWAY, WAITE and TOWNE, for Plaintiffs in Error.

T. L. DICKEY, for Defendant in Error.

SKINNER, J. This was an action on the case. The declaration contains thirteen counts. The first and second counts allege that the defendant below being a warehouseman at La Salle, in this state, as such warehouseman issued to the plaintiffs certain receipts, purporting that the defendant had received from certain third persons, and had on store for the plaintiffs certain grain; that, at the time of issuing the receipts, the defendant had not received nor had in store the grain mentioned therein, or any portion thereof; that the receipts were so issued wrongfully, with intent to defraud the plaintiffs, and contrary to the statute, etc.

The other counts allege the issuing by the defendant of grain receipts, under the like circumstances and with the like intent, either to the plaintiffs, or to one of them, purporting that the defendant had received from certain third persons, and had on store for the plaintiffs, or one of them, certain grain therein mentioned; and either allege a joint interest in the grain mentioned in the receipts, and the payment of the plaintiffs' moneys for the grain which the receipts acknowledge to have been so received; or that upon the faith of the receipts the plaintiffs paid to certain third persons certain sums of money, the value of the grain in the receipts mentioned.

The statute prohibits, under severe penalties, the issuing of receipts by warehousemen, purporting that goods or produce are in store with them belonging to another, unless the goods, produce, etc., are actually in store as indicated by the receipt issued; and gives to any person aggrieved by reason of violation of its provisions, an action on the *case* for the damages sustained. Statutes 1856, p. 394.

The action on the *case* can be maintained at common law, where one wrongfully, and through fraud and deceit, causes damage to another. 1 Chitty's Pl. 137; *Weatherford* v. *Fishback*, 3 Scam. R. 170; *Upton* v. *Vail*, 6 John. R. 180; *Sage* v. *Watts*, 4 McLean's R. 162; *Griffin* v. *Farewell*, 20 Verm. R. 153.

And although the statute may be regarded as declaratory of the common law only, the plaintiffs by alleging facts which show a false and fraudulent issuing of the receipts, and a consequent imposition upon, and damage to them, make a good cause of action in *case*.

It is immaterial whether the loss to the plaintiffs from the wrongful and fraudulent acts of the defendant consists in being deprived of their grain or their money. If they lost their grain by means of the fraudulent receipts, they are damaged by the defendant's fraud and deceit, to the extent of its value, and may maintain their action for the fraud the same as though

by means of the same fraud they had directly been cheated out of their money.

The first and second counts are bad, because they do not show that the plaintiffs were injured or sustained damage from the wrongful issuing of the receipts. The demurrer to the declaration is general, and the other counts each show a substantial cause of action in *case*. Judgment reversed and cause remanded.

*Judgment reversed.*