Tate v. Watts.

42    103
e109 ⁵265

# Nathan O. Tate
## v.
# William I. Watts and Martha Watts.

*Fraud—Deceit—Sale of Land—Quality and Price—Evidence—Instructions.*

1.   The gist of a given action being fraud and deceit, the same not being based upon a contract concerning real estate, not to be performed within a year, defendant not being charged upon any contract of such character, it is proper to disallow the defense of the statute of frauds.

2.   The statute of frauds was intended to guard against the danger of fraud and perjury being committed in the establishment of contracts concerning land, running longer than one year, but not to protect persons against tortious acts and misrepresentations where others are injured thereby.

3.   Objections to the introduction of evidence in a given case can not be primarily made herein.

4.   Malice, in law, does not necessarily imply hatred or ill-will; a motive wrongful and unjustifiable is malicious.

5. In an action to recover damages alleged to have been suffered through the fraud of an alleged real estate agent touching the sale of certain lands, this court holds that the measure of damages was the value of land named as fraudulently represented to the plaintiffs; that the giving of punitive damages was within the discretion of the jury and allowable; and declines to interfere with the verdict for the plaintiffs.

[Opinion filed December 7, 1891.] .

APPEAL from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. McKENZIE & HAMILTON and C. A. McLAUGHLIN, for appellant.

Messrs. KIRKPATRICK & ALEXANDER, for appellees.

LACEY, P. J. This suit was based on two counts in the declaration, wherein the appellees sued the appellant in an action on the case, charging that in March, 1890, one Charles Peterson was seized of a certain eighty-acre tract of land in Henderson County, State of Illinois, and being desirous of selling the same to appellees, who were residents of the State of Arkansas (they never having seen the land and knowing nothing of its location and value), the appellant, pretending to act as the agent of the said Peterson, and pretending to know and be well acquainted with the said land and its location and value, then and there wrongfully contriving to deceive, defraud and injure said appellees, then and there falsely, fraudulently, etc., represented and insisted to them the said land was within eight miles of the village of Raritan, in said county of Henderson, and was worth $35 per acre, and the said appellees relying upon the said representations, bargained with the said Peterson and bought of him the said tract of land for $3,000, and paid the said Peterson therefor, being induced so to buy by the fraudulent representations of appellant, whereas in fact the said tract of land was not located within eight miles of the said village of Raritan and was not worth to exceed the sum of $5 per acre, all of which was well known to appellant at

time of making said fraudulent assertions, whereby the appellees were greatly damaged, etc., in the sum of $2,500.

The other and third count was substantially the same, except as to charging that the land was not within eight miles of the village of Raritan, which was omitted, and in charging that the land was paid for in other lands and property worth $3,000.

The appellant pleaded four pleas; first the general issue, and three pleas to the third amended count of the declaration in various forms, setting up the statute of frauds and perjuries; that the contract concerning the land was not in writing signed by the appellees or Peterson, nor was the contract to be performed within one year; and refusal to allow the same to be filed to the first count of the declaration. Demurrer was sustained to these special pleas of the statute of frauds, and issue was joined on the plea of the general issue.

The cause was tried before a jury, and a verdict was rendered by it finding the appellant guilty, and assessing the appellees' damages as $1,000, upon which verdict judgment was rendered, from which this appeal is taken. The counsel for appellant assigns various causes for error and reversal; first, that the court erred in refusing to permit appellant to file the three pleas of the statute of frauds to the first count of the declaration; second, in sustaining a demurrer to the special pleas; third, the court admitted improper evidence in behalf of the appellees; fourth, the verdict was against the weight of the evidence; fifth, the court gave improper instructions for appellees; and sixth, refused proper instructions for appellant.

The first two points of objection against the action of the court in not allowing the defense of the statute of frauds to be interposed, is not well taken. The cause of action set out in the declaration does not admit of such a defense. It is not based on a contract concerning real estate not to be performed within a year, nor is appellant charged upon any contract of that kind. The gist of the action is fraud and deceit. It has nothing whatever to do with the statute of frauds. That statute was intended to guard against the danger of fraud and

perjury being committed in the establishment of contracts concerning land running longer than one year, but not to protect persons against tortious acts and misrepresentations where others are injured thereby. Haychaft v. Creacy, 2 East, 92; Eames v. Morgan, 37 Ill. 260. Besides this, the contract had been completed on both sides by the exchange of deeds. There was no attempt to establish the existence of either deed by parol evidence.

The appellant's objection to the admission of evidence is not well taken. That of Elting, concerning what he paid for land in the vicinity of the Peterson land, is not well taken, because that fact was properly brought out on cross-examination from appellant's own witness. There was no objection on the trial that the court improperly allowed evidence to go to the jury in regard to the value of the Peterson land in March, 1890, and not being objected to on the trial by appellant it is too late now.

It appears also that there had been no change in the value of the land in that vicinity up to the time of the trial. We think letters written by appellant to Simons were properly admitted in evidence as a part of the *res gestæ* and to show the motive or fraudulent intent of appellant, and if Simons was the agent of appellees, which was for the jury to decide, they were, in effect, written to appellees, and appellees saw one or two of them and Simons had informed them of some of the contents. As to the fourth assignment of error of the appellant, in which it is insisted the evidence is insufficient to sustain the verdict, we have only to say that we have examined the evidence carefully and are fully of the opinion that the jury were clearly justified in their verdict.

A clearer case of fraud and deceit on the part of the appellant by which he induced the appellees to part with a valuable tract of land in Arkansas, of 180 acres, worth more per acre than the eighty acres that they received in Illinois in exchange, acre for acre, could hardly be made out, and the tricks he resorted to to induce this trade and the falsehoods which he told them were well calculated to, and did, no doubt, deceive the appellees.

If a transaction like this could be allowed to stand and no remedy could be had by the injured party in a court of law, it would indeed be a disgrace to the vaunted jurisprudence of our country.   Quite a number of technical points are raised by appellant's counsel but none of which we think have any merit.   One is that Mrs. Watts had an interest in the cattle, $320 worth, that were given to boot between the Arkansas land and the Illinois land.   Even if this were so we think it would make no difference.

The trade was joint between the appellees and appellant throughout.   The land deeded by appellees was owned jointly by them, and that which they received in exchange was deeded to them, and if Mrs. Watts' husband saw proper to furnish the boot money in part for Mrs. Watts it can not concern appellant or affect appellees' recovery.

There is a point made by appellant that the deed from Peterson for the land in Henderson County, Illinois, was made out in blank, the names of the grantees not being filled in at the time, and that the appellant filled it in afterward and delivered it to appellees, and that the deed for that reason was void and conveyed no title.

Hence it is inferred the appellees have no right of recovery in this action.   It is difficult for us to see how this could injuriously affect appellees' right of recovery.   If they were deceived by appellant and supposed they were getting a good title when they got none, the loss would be the greater to them by the actual value of the Henderson County land which is supposed to be about $4 per acre.   In such case the appellees should have recovered the value of the latter tract of land in addition to what they recovered, they having parted with their land and received nothing in return.   Another point is made that the measure of damages would not be the value of the Peterson land as fraudulently represented by appellant to appellees.   We think this is the correct basis.   If this had been a suit on a warranty of the value of the land, the measure of damages would have been the value of the land sold, and we see no reason why, by analogy, the same rule would not prevail in this case, where the value is represented

to be so and so.   Certainly the appellant should stand in no better position where he has committed a fraud, than he would have done had it been a simple warrant, and this observation would apply to the objection to the proof of the value of the Arkansas land, and to the appellees' tenth and eleventh instructions.   The refusal of the appellant's seventeenth instruction was proper, as we have shown in our remarks concerning the invalidity of the Peterson deed.   We have examined the instructions generally and find them fair and full and see no fault in them.   They appear to lay down the law to the jury correctly.

The point is made that diligence should be required of appellees to avoid being deceived by the wilful falsehoods of appellant, and that it was not great enough, and that appellees' instructions are not sufficiently guarded on that question.

In the views we take of the case it is clear that they, under the circumstances, made use of all the care that the law required, and no instructions need have been given on that point, though appellant had the advantage of some given for him. This was sufficient.

The giving of punitive damages, we think, was in the discretion of the jury, and was allowable, and the use of the words, "wilful or malicious," was properly in the instruction. It need not be put to the jury, "wilful" and "malicious." Malice in law does not necessarily imply hatred or ill will. It is malicious if the motive is wrongful and unjustifiable.

The same may be said in this case; to knowingly make false statements is wilful and at the same time malicious.

The words as applied to the law of this case would be synonymous and of equivalent meaning, so that the use of the conjunction *or* is not improper.   Hawk v. Ridgway, 33 Ill. 473.

We have examined fully all the objections raised by the appellant against the record in this case, and find none of them tenable.   We think, also, the verdict is not excessive.   The judgment of the court below is therefore affirmed.

*Judgment affirmed.*