## Edmund Love v. John McElroy.

1. DECEIT—*Measure of Damages.*—In an action for deceit arising from the sale of land the measure of damages is the difference between the actual value of the land, and what it would have been worth if it were as represented, together with lawful interest on such difference.

2. FOREIGN STATUTES—*How Proved.*—The law of a foreign state may be proved by one learned therein, as well as by the statutory mode of certification; but where such law is sought to be proved by deposition of a resident and official of that state, the proper foundation for such evidence must be laid.

3. PRACTICE—*Objection to Interrogatories and Answers for an Error in Substance.*—An objection to an interrogatory and answer of a witness in a deposition, if the same is an error in substance and not in form, may properly be made at the trial when the deposition is offered.

4. WAIVER—*Of Tort, by Suing for Purchase Price Under Contract.*— Where one party to a contract makes misrepresentations amounting to deceit, the other party may waive the tort and sue for the purchase price of the property passing under the contract.

**Action for Deceit.**—Error to the Circuit Court of Kankakee County; the Hon. ROBERT W. HILSCHER, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

W. J. BROOK and H. L. RICHARDSON, attorneys for plaintiff in error.

T. F. DONOVAN, T. W. SHIELDS and W. H. SAVARY, attorneys for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action for deceit brought by John McElroy against Edmund Love. There was a verdict and judgment in favor of the plaintiff for $702.92. The defendant brings the case to this court by writ of error.

August 3, 1898, McElroy traded a threshing machine, engine and corn-sheller of the agreed value of $1,000 to Love, for a certificate for forty acres of Minnesota land and $400. It was agreed that the land was to be free from incumbrance except to the extent of $221, due the State of Minnesota thereon, which McElroy was to assume. The $400 were paid. The certificate for the land was assigned. The value of the land, subject to the incumbrance assumed, was figured in the transaction at $600. The recovery in this case was for that amount with interest at five per cent.

McElroy claims that it was represented to him by Love that the land was free from liens and incumbrances of every kind except the $221; that it was specifically represented that there were no unpaid taxes and no interest due on the assumed incumbrance. The undisputed evidence shows that at the time of the transaction between the parties there were back taxes and unpaid interest amounting to somewhere between $69 and $80. The land was forfeited and lost to McElroy by reason of the non-payment of interest on the $221, which accrued both before and after he became the holder of the certificate. In our opinion a clear preponderance of the testimony shows that there were no deceitful or fraudulent representations made by Love to McElroy when the trade was made. A preponderance of the evidence is to the effect that at that time Love told McElroy there were unpaid taxes and interest and that he would pay them off; and that afterward it was agreed he would pay McElroy the amount thereof and that he, McElroy, was to assume the task of freeing the land from such lien, and that such payment was made in whole or in part by Love to McElroy. There is some question whether a few dollars of the amount remained unpaid. That such statement of the existence of the unpaid taxes and interest and the agreement to pay them was made, and that at least the major part of the amount was paid to McElroy, are facts

established by a preponderance of the evidence in this record. Upon such a state of facts an action for deceit can not be maintained.

The question of the accuracy of various instructions is raised by proper assignments of error and. in argument. Considering them together they present for our determination the correct rule for the measure of damages applicable to the case. In an action for deceit arising from the sale of land the measure of damages is the difference between the actual value of the land, and what it would have been worth if it were as represented, together with lawful interest on such difference. Budlong v. Cunningham, 11 Ill. App. 28; Drew v. Beall, 62 Ill. 164. Had the proof established a case of deceit and the land been lost to McElroy without his fault he would have been entitled to recover the value of the land, subject to a deduction of the $221 which he assumed, with legal interest. The value of the land would not necessarily have been the price at which it was estimated by the parties in the transaction. It might be more or less than that amount, depending upon the proof of its market value. Assuming the same facts to have been established, McElroy might have waived the tort and sued for the recovery of the purchase price and interest. And assuming an action of deceit to exist and that McElroy had elected to and paid the back taxes and interest and thereby saved the property from forfeiture, he would in such case be limited in the amount of his recovery to the sum so paid, with legal interest from the time of making the payment.

Plaintiff's first instruction omitted a slight element which should have been included, but the instructions given for the defendant supplied the omission and relieved the defendant from any injurious effect. The defendant asked for a great number of instructions, which were refused—many more than were necessary to properly inform the jury as to the law of the case. We think the essential elements contained in them were given in others.

An effort was made to prove the laws of Minnesota by the deposition of a resident and official of that state.

Objection was properly sustained to the questions and answers eliciting the proof desired.. While the law of a foreign state may be proven by one learned therein, as well as by the statutory mode of certification, the proper foundation for such evidence was not laid.   The objection being one which went to the substance, not the form, of the interrogatories, it was proper to raise it upon the trial, when the deposition was offered.

The trial in the court below proceeded upon the assumption that the defendant received the thresher, engine, and corn-sheller.   The record discloses the fact that the defendant never received the corn-sheller.   There was evidence tending to show it was of the value of $350.   It is manifest that the jury entirely ignored the fact that the corn-sheller is still in the possession of the plaintiff.

For the reasons indicated the judgment of the Circuit Court will be reversed and the cause remanded.