## Horace Haldeman v. Ben F. Schuh.

1. EVIDENCE—*Conclusions of Witnesses from Unsworn Statements of Others as to Value of and Title to Land, Not Admissible.*—Testimony of mere conclusions of a witness, based in part on unsworn statements of others, is inadmissible to prove the duration of adverse possession of land, or its value, where it does not appear that he ever saw the land

before making a survey, or that he had any knowledge whatever to qualify him to testify to its value.

2. SAME—*Evidence of Plaintiff that He Relied upon Misrepresentations of Defendant, Admissible.*—It is not error to permit the plaintiff to testify that he believed and relied upon the alleged misrepresentations of the defendant.

3. ACTIONS—*Plaintiff May Recover for Misrepresentations in Purchase of Land Although Title is Taken in Wife's Name.*—The right of a party to recovery of damages sustained through misrepresentations made by the person from whom he has purchased land is not affected by the fact that he took the title to such land in his wife's name, where the whole consideration which entitled him to the conveyance moved from him and not from his wife.

4. STATUTE OF LIMITATIONS—*Test Whether Plea Should be Allowed to an Amended Declaration.*—In determining whether the plea of the statute of limitations should be sustained to an amended declaration the test is, does the amendment state a new and different cause of action or does it restate the cause set out in the former pleadings.

5. SAME—*Change of Plaintiff is Not a Change of Cause of Action.*—A mere change of plaintiff is not such a change of a cause of action as will enable a defendant to successfully plead the statute of limitations.

6. DECEIT—*Measure of Damages in.*—The measure of damages in an action for deceit arising from the exchange or purchase of real property is the difference between the actual value of the land contracted for by the plaintiff and what it would have been worth if it were as represented, together with lawful interest on such difference.

**Action for Fraud and Deceit.**—Appeal from the Circuit Court of Piatt County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed August 28, 1903.

WILLIAM G. CLOYD and REED & EDIE, attorneys for appellant.

MARSHALL C. GRIFFIN, attorney for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This suit was begun by Ben F. Schuh and Matilda Schuh, his wife, against Horace Haldeman. It was an action for damages for fraud and deceit arising out of exchange of lands. Schuh owned sixty-six and one-half acres of farm land in Hancock county, Iowa. Both parties resided at Bement, Piatt county, Illinois. Haldeman claimed to

Haldeman v. Schuh.

own 1,000 acres of land in Cumberland county, Tennessee. A contract was entered into between Schuh and Haldeman by the terms of which Schuh was to give Haldeman a certain amount of cash, personal property and the Iowa land in exchange for the Tennessee land. It is not claimed that Schuh made any misrepresentations whatever in regard to the consideration moving from him. On the other hand the proof shows that Haldeman represented that the title to the Tennessee land was perfect; that it was situated within one and a half miles from Crossville, the county seat of Cumberland county; that it was covered with valuable timber and underlaid with coal. The evidence shows that the land was situated eighteen miles from Crossville; that it had no timber upon it; that the title was seriously defective, if not worthless. The conveyance on the part of Haldeman was made by one White Frost, of Tennessee, in which such title as the land was susceptible of in Haldeman or any one for him was vested. The conveyance of the Tennessee land was made to Matilda Schuh by the request or acquiescence of her husband, to whom it was to have been conveyed by the terms of the contract. The Iowa land and the other considerations were transferred from Schuh to Haldeman. Schuh had never seen the Tennessee property. He sent W. A. Cross, a resident of Bement, as his agent, to examine it while the negotiations were pending and before the contract was closed. Haldeman gave Cross a letter to White Frost, his representative. Cross went to Tennessee. He met Frost, presented the letter, and was by Frost shown a thousand acres of land a mile and a half from Crossville. Frost told him the land belonged to Haldeman. It was as represented by Haldeman to Schuh, and Cross so reported, except that Cross paid no attention to and did not claim to investigate or report on the question of title.

There was no amendment of the declaration after the expiration of five years from the time the cause of action arose, except that the whole proceedings, including the *narr.*, were amended more than five years after the cause of

action arose by discontinuing as to Matilda Schuh as a plaintiff, and leaving the suit in the name of Ben F. Schuh as the sole plaintiff. When this amendment was made the defendant pleaded the statute of limitations as to the action in the name of Ben F. Schuh alone. The court held the plea bad. Ben F. Schuh recovered a verdict and judgment against Haldeman for $2,500, from which he prosecutes this appeal.

It is urged that the judgment should be reversed because it is against the law and the evidence; because the court erred in passing upon the admission of evidence; in instructing the jury; and because the action is barred by the statute of limitations.

It is unnecessary further to state the evidence to justify the conclusion that Haldeman and his agent or co-conspirator, White Frost, perpetrated a fraud upon Schuh which resulted in a loss to him of the entire consideration he gave for the Tennessee land. Upon the merits we would not reverse this judgment, and regret to be compelled to do so by reason of intervening errors in the procedure of the trial.

The question of the validity of the title of the Tennessee land was a material issue upon the trial in the court below. The plaintiff introduced in evidence the deposition of Andy J. McGuire, county surveyor of Cumberland county, Tennessee, who surveyed and located the land described in the deed from Frost to Matilda Schuh. Over the objection of the defendant the court permitted the following examination of the witness to be read to the jury :

" Q. State fully what you found from your survey in reference to the title to the above described land. A. I found adverse claims and possessions to the title of Ben Schuh and Matilda Schuh.

Q. State whether or not from your survey, you found the above described 1,000 acres incumbered, and free from other conflicting claimants? A. I found the 1,000 acres entirely covered by other claimants.

Q. State how long the different claimants, if any, have

Haldeman v. Schuh.

been in possession of the above described land adversely to
Matilda Schuh or Ben Schuh's grant? A. The posses-
sion of Shadden & McNeil, E. A. Green and Humby heirs,
have the appearance of having been there a number of
years. Was informed by parties living there that they had
all, or most of them, been on over seven years. The
possession of grant No. 26298 on old Rodgers place has
the appearance of a very old place, thirty or thirty-five years.

Q. State fully the different grants conflicting with
Matilda Schuh's grant. A. Grants No. 17486, No. 26298,
grants on entries No. 2110 and No. 2111, grant on entries
2206, a grant to the Shadden & McNeil land, a grant on
land claimed by Thomas Shadden, a grant on Humby heirs'
land, a grant to land claimed by Collins et al. and one other
grant on land entered by Eckles & Sargent. E. A. Green
claims title to grant 26966 under a title to said grant.

Q. State fully what you found from your survey. A.
I found from survey that the above possessions and over-
laps were adverse to Ben Schuh and Matilda Schuh; also
that there had been a possession inside the Schuh boundary
on land entered by Eckles & Sargent. The possession, a
field, now thrown out, lies near southwest corner of 1,000
acres.

Q. Did the different claimants to the land you surveyed
have possession on May 11, 1897, at the time White Frost
deeded the land to Matilda Schuh? A. From the appear-
ance of the possessions would say the possessions were
there under these claimants or their grantees on May 11,
1897.

Q. How many claimants and grants did you find in con-
flict with that of Ben and Matilda Schuh? A. I found
from survey that there were about ten grants with the
1,000 of Ben and Matilda Schuh. Also E. A. Green claims
the whole of the 1,000 acres through title to grant 26966.

Q. State the number of acres, if any, that Ben and
Matilda Schuh received from White Frost that are not cov-
ered by other grants? A. I am convinced that it is all
covered by other grants.

Q. What is the land worth that was conveyed to Ben
and Matilda Schuh by reason of deed from White Frost?
A. Would not consider it worth anything under said deed.
Such land has been sold in that locality at from $3 to $4
per acre with good title.

Q. What is it worth under the title in its present con-
ditions to Ben and Matilda Schuh under the title they

received from White Frost? A. I would not consider the title worth anything.

Q. What is the land worth Ben and Matilda Schuh received from White Frost by deed of May 11, 1897, if the title is good? A. Such land usually sells at from $2½ to $4 per acre."

The testimony is replete with the mere conclusions of the witness. He assumes to determine the whole issue in relation to the title to the land and bases the duration of the adverse possession in certain instances upon mere unsworn statements of others. It does not appear that he ever saw the land before making the survey, or that he had any knowledge, whatever to qualify him to testify to its value, yet he was permitted to also testify as a valuation witness. Nor does it appear that he had any personal knowledge of the sales to which he testified. If this class of testimony is to be admitted, trials can be materially shortened. There will be no necessity for juries or judges to determine the issues of fact. The witnesses can do that. Other errors of like character intervened, which it is unnecessary to detail. While mindful of the rule of law that under certain circumstances the statements of persons in possession of real estate may be proven, we hold that the testimony above referred to is so erroneous as to necessitate a reversal of the judgment.

It is contended that it was error to permit the plaintiff to testify that he believed and relied upon the alleged misrepresentations of the defendant. There is no merit in this contention.

And the contention that the plaintiff can not recover because the title to the Tennessee land was taken in his wife's name, is equally without merit. The whole consideration which entitled the plaintiff to the conveyance moved from him; not one dollar of it came from the wife. The contract was made with, and the misrepresentations to, the husband, not the wife. The mere fact that the plaintiff saw fit to have the conveyance made to his wife does not furnish the defendant legal indemnity against defrauding the plaintiff.

Haldeman v. Schuh.

It is urged that the court erred in not sustaining the defendant's plea of the statute of limitations. As heretofore stated, the plea is based entirely upon the change of parties from Schuh and wife to Schuh alone as plaintiff. No other change whatever was made in the declaration. The contention is that a cause of action alleged to be in favor of Schuh and wife, though upon the identical facts, is a different cause of action from one in favor of Schuh alone. Neither reason nor authorities sustain the position. In determining whether the plea of the statute of limitations should be sustained to an amended declaration the test is, does the amendment state a new and different cause of action, nor does it restate the cause set out in the former pleadings? Here the causes of action, so far as they relate to the injury complained of, were identical. There was no attempt to restate the facts relied upon for a recovery. The only change was striking out the name of one of the plaintiffs and continuing the suit to judgment in the name of the remaining plaintiff. A mere change of plaintiff is not such a change of a cause of action as will enable a defendant to successfully plead the statute of limitations. Thomas v. Fame Ins. Co., 108 Ill. 91; U. S. Ins. Co. v. Ludwig, 108 Ill. 514.

Certain of plaintiff's instructions are subject to the criticism that they assume certain facts which are controverted. It is unnecessary to deal with them in detail. The error is of such a character that it should be avoided upon a retrial by a mere reference to the subject.

The appellee, who was the plaintiff in the court below, contends that the measure of damages is the value of the consideration given by Schuh to Haldeman. Proof seems to have been offered upon this theory by both parties. From an examination of the record it appears that the trial in the court below was conducted throughout upon that hypothesis. In this court appellee cites Low v. Martin, 18 Ill. 290; Tate v. Watts, 42 Ill. App. 103, and Wheeler v. Randall, 48 Ill. 182, in support of the proposition. None of the cases sustain the rule as stated by counsel. Tate v. Watts, *supra;* Budlong v. Cunningham, 11 Ill. App. 28;

Drew v. Beall, 62 Ill. 164, and Love v. McElroy, 106 Ill. App. 294, establish the rule that the measure of damages in an action for deceit arising from the exchange or purchase of real estate is the difference between the actual value of the land contracted for by the plaintiff and what it would have been worth if it were as represented, together with lawful interest on such difference.

For the reasons indicated the judgment of the Circuit Court will be reversed and the cause remanded.