## Daisy T. Baker, Appellant, v. Wilbert H. Wheeler et al., Appellees.

1. DECEIT—*what will not sustain action of.* Statements though false and morally wrong do not constitute fraud in legal contemplation and will not sustain an action of deceit if there is no relation of trust or confidence between the parties creating a duty to speak the truth.

2. DECEIT—*what not false representation of material fact.* *Held,* that a statement that a party having land for sale would not take less than a particular sum is not the statement of a material fact and if false will not support an action for deceit.

Action on the case. Appeal from the Circuit Court of De Witt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed June 19, 1909.

INGHAM & INGHAM, for appellant.

JOHN FULLER and LEMON & LEMON, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case to recover damages resulting from fraud and deceit alleged to have been practiced by the appellees upon the appellant. At the close of the plaintiff's evidence by direction of the court the jury returned a verdict for the defendants. To reverse the judgment rendered thereon this appeal is prosecuted by the plaintiff.

The declaration consists of two counts to which demurrers were interposed and overruled.

The declaration charges in substance, that the plaintiff resided in McLean county, Illinois, during March, 1906; that she wrote to the defendants at Nevada, Missouri, with reference to the character and price of certain Missouri lands which they, the defendants, had for sale as agents for the owners; that the defendants thereupon called upon her with reference thereto, and that later one Baker, at the request of

the plaintiff and upon the invitation of the defendants, went with the defendants to Missouri to inspect the lands in question; that after examining the land, Baker advised the defendants that none of it was satisfactory, whereupon the defendants represented to him that as they had no land that suited him, they would, representing the plaintiff, try to find a farm that would be satisfactory to him, Baker, and that in so doing they would represent the plaintiff, and act in her behalf and interest; that afterward Baker and the defendants visited one Buford in Vernon county, Missouri, and immediately thereafter the defendants represented to Baker that they had for and on behalf of the plaintiff induced Buford to sell his farm of 194 acres to the plaintiff for $9,700, which representations he, Baker, communicated to the plaintiff; that thereafter the defendants called upon the plaintiff and represented to her that they had, acting on her behalf, induced Buford to enter into a contract with her that would be greatly to her benefit; that Buford asked $55 an acre for the farm, but that, on her behalf, they had persuaded him to accept $50 per acre, and further that Buford had refused to let her have the said lands for less than $50 per acre. That said representations thus made by the defendants to the plaintiff, as well as those made to Baker and by him communicated to the plaintiff, were false and fraudulent and were all known by the defendants to be false and fraudulent at the time they were made, and were made for the purpose of defrauding the plaintiff and to procure from her $1,940 more for the land than was asked therefor by Buford. That the plaintiff replying upon said representations, bought said land and paid Buford part of the purchase price of $9,700, and to the defendants for Buford the remainder, for the land in question, and received conveyance and possession of the same. That after having made said representations to Baker and the plaintiff, the defendants fraudulently and without the knowledge of the plaintiff entered into a contract

with Buford whereby they agreed to furnish a pur-
chaser for said lands in consideration that they should
have and retain for their services all they could ob-
tain therefor over and above $40 an acre. That at the
time aforesaid Buford only asked $40 an acre for the
said land and told the defendants that the plaintiff
could have the same for $40 an acre or a total of $7,760,
and that the excess paid by plaintiff over that sum
was fraudulently obtained by the defendants from the
plaintiff and by them retained for their own use and
benefit, whereby the plaintiff had been fraudulently
deprived of the same.

There is evidence tending to prove the following
facts, which, in determining whether or not a verdict
was properly directed, must be taken as true: The
appellant, Daisy T. Baker, who was unmarried and
lived at Normal, Illinois, having seen the advertise-
ment of appellees, Wheeler and Harrison, as agents for
the sale of Missouri lands, wrote to them asking in-
formation relative to the character and price of such
lands. In response thereto they called upon her and
had an interview, as the result of which one Baker,
who was engaged to and afterward did marry appel-
lant, went to Missouri with appellees and inspected
all of the lands they had for sale, none of which suited
Baker. On their return, as they were passing a farm
owned by one Buford, appellee Wheeler stopped the
team and leaving Baker and appellee Harrison in the
vehicle, went to Buford's house and inquired of him
whether his farm was for sale. Buford replied that
it was, and that the price was $40 per acre net to him.
Wheeler and Buford then joined Baker and Harrison,
and they together drove over and examined the farm.
Afterward and out of the presence of Buford, Baker
asked Wheeler what Buford wanted for the farm.
Wheeler replied that he asked $55, but added "we will
say $50." Baker and appellees then returned to Illi-
nois, and shortly thereafter Wheeler called at the home
of Mrs. Troxel, the mother of appellant, with whom

she resided, and found her absent. In a conversation with Mrs. Troxel and Baker relative to the Buford farm, Wheeler told them that "$50 was the lowest that he could get it for from Mr. Buford." Some time thereafter Harrison called upon appellant and told her that Buford had offered to take $50 per acre, and that "he couldn't get him down another cent"; that while Buford wanted $55, he had succeeded after hard work in getting him down to $50. Appellant then signed a contract with Buford by the terms of which she purchased the farm for $50 an acre, Buford agreeing to accept on account of the purchase price, certain property of appellant in Normal at a valuation of $1,700. When the time for performance of the contract arrived, appellant, her mother, and appellee Harrison met at the office of one Mitchell, an attorney at Clinton, who had prepared the deeds of exchange, and closed the transaction. Appellant paid to Mitchell for Buford $1,740 in cash, the balance of the purchase being represented by a deed to the Normal property and a mortgage back on the farm. In accordance with a written order from Buford the deed to the Normal property was made to appellee Harrison, for the reason, as assigned by Harrison, that such course would save time and inconvenience in case they found a purchaser for the property.

After the parties had left Mitchell's office Harrison returned and informed Mitchell that $240 of the cash payment of $1,740 was due to appellees for commissions, and upon Harrison's agreeing to save him harmless, Mitchell paid that sum to him and sent the balance to Buford. Harrison afterward admitted to Mitchell that he and Wheeler received the Normal property and the $240 in question as their commissions. It is obvious that the representation to appellant's agent Baker, that Buford would not take less than $50 per acre for the land, which statement is not disputed, was false, and that by reason thereof appellant paid $1,940 more for the property than she would

otherwise have had to pay. The vital question, therefore, is whether appellant had a right to rely upon it. It is conceded by her counsel in argument that the averments of the declaration with reference to the existing relations of agency between the parties were not all proved. They contend, however, that it is immaterial whether appellees were the agents of Buford or of appellants; that in either event they are liable to appellant for the fraud practiced upon her; that it is not always necessary to allege or prove fiduciary relations to exist to enable one person to recover from another for false representations; that even when parties are dealing at arms' length if one of them makes to the other a positive statement upon which the other acts, with the knowledge of the party making such statement, in confidence of its truth, and such statement is known by the party making it to be false, such conduct is fraudulent and from it the guilty party can reap no benefit.

We are unable to agree with such contentions. The statement, though false and morally wrong, did not constitute fraud in legal contemplation, there being no relation of trust or confidence between the parties creating a duty resting upon appellants to state the truth. Banta v. Palmer, 47 Ill. 99; Tuck v. Downing, 76 Ill. 71. On the contrary the evidence discloses that appellees were the agents of Buford. The legal status of Buford and appellees so far as appellant was concerned was as one. The interests of appellant on the one side and Buford and appellees his agents, on the other, were manifestly antagonistic. Appellees were but the mouth-piece of Buford in the transaction and their statements as to what sum Buford would take for the land must be taken as though made by Buford himself. In this view the representation complained of amounted to but a false statement by Buford that he would not take less than $50 per acre for the land. Under the circumstances such statement though untrue was clearly not the false repre-

sentation of a material fact. We do not attach much weight to the case of Kice v. Porter, (Ky.) 61 S. W. 266 (not officially reported), cited by counsel for appellant in support of their contention. No authorities are cited in the opinion to sustain the conclusions reached and we are not impressed with the reasoning by which it is sought to support the same. The case of Tate v. Watts, 42 Ill. App. 103, also cited by counsel for appellant, is not in conflict with the foregoing views. In that case a recovery was had against an agent for the sale of land. The wilful fraudulent representation on the part of the agent related to the proximity of the land to a certain village. The land in fact was in an entirely different location from that stated by the agent. The vendee who was a nonresident and knew nothing of the land or its location, relied upon the statements of the agent and paid much more for the land than he would have, had it been situated as represented. There was thus an untrue representation of a material fact, knowingly made, and relied upon by the purchaser, by reason of which the agent became liable to the vendee for the resultant damages.

We are of opinion that the judgment of the Circuit Court was warranted and it is accordingly affirmed.
*Affirmed.*